Patrick M. Flatley
United States Bankruptcy Judge

**Dated: Monday, March 16, 2015 3:38:53 PM**

## IN THE UNITED STATED BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

IN RE:                                      )
                                            )
JENNIFER DIANE DAVIS,                       )        Case No. 13-bk-1096
                                            )
                Debtor.                     )        Chapter 7
_____             )

## MEMORANDUM OPINION

Martin P. Sheehan, the Chapter 7 trustee appointed to administer the Debtor's bankruptcy estate (the "Trustee"), objects to the Debtor's second amended claim of exemptions and asks the court to prohibit the amendment based upon res judicata and the doctrines of estoppel and laches. The Debtor asserts that her amendment is permitted by Federal Rule of Bankruptcy Procedure ("Rule") 1009(a) and the Supreme Court's holding in *Law v. Siegel,* 134 S. Ct. 1188 (2014).

For the reasons stated herein, the court will overrule the Trustee's Objection to Claim of Amended Exemptions insofar as he asks the court to disallow the Debtor's second amended claim of exemptions based upon estoppel and laches.

## I.   BACKGROUND

On September 17, 2013, the Debtor filed her Chapter 7 voluntary petition and schedules with this court. Among the real property disclosed on her Schedule A, the Debtor listed her ownership interests in the following three parcels: her residence in Monongalia County, West Virginia; 68.5% of an undivided one-half interest in property located in Naples, Florida (the "Naples Property"); and a timeshare identified as being located at Villa Del Palmar (the "Timeshare"). On her Schedule B, she identified various articles of personal property, including an anticipated 2010 tax refund valued at $8,000; various potential legal claims and an anticipated property settlement, each with an unknown value; a John Deere lawn tractor valued at $1,000; a 2004 Mercedes automobile valued at $6,000; and a check for $10,136 from the sale of a 2010 Toyota Camry.

1

On her Schedule C, the Debtor used the $25,800 exemption provided by W. Va. Code § 38-10-4(e) to claim as exempt the following interests in real and personal property of the estate: $11,064 of the Naples Property; $1,000 of the lawn tractor, $3,600 of the 2004 Mercedes, and $10,136 of the check from the sale of the 2010 Toyota Camry.  The Debtor did not exempt any portion of her various potential legal claims or her anticipated property settlement from her divorce.  On October 18, 2013, the Trustee indicated that the bankruptcy estate contained assets for liquidation and distribution to creditors, and the Clerk of Court subsequently issued notice for creditors to file claims against the estate by January 18, 2014.  On December 4, 2013, the Debtor amended her claimed exemptions to reduce the amount of her claimed exemption in the Naples Property from $11,064 to $7,314 and to apply the resulting $3,750 of available exemption to her interest in her anticipated 2010 tax refund of $8,000.  The Trustee subsequently objected to the Debtor's amended claim of exemptions, and on February 13, 2014, the Debtor and Trustee submitted to the court an agreed order resolving the Trustee's objection.  The agreed order modified the character of the property claimed as exempt but did not affect the value of the Debtor's claimed exemptions.  Specifically, it provided that

> The Trustee has asserted that the Debtor's claims in the Amended Claim of Exemption are incorrect, in that specific items of property in which the Debtor has claimed an interest, are actually subject to recovery for the Debtor and the Debtor's Estate in a proceeding in the Family Court of Monongalia County, West Virginia.  The Trustee has no objection to the amount claimed for the specific items of property, but does believe the claim of Exemption should be recognized in the value of the Property Settlement listed as an asset.  The Debtor is amenable to such treatment of the amended Exemptions and the Exemptions shall be deemed to have been so claimed.  It is therefore,
> ORDERED that the debtor's amended exemptions as herein modified shall be approved.

Agreed Order Resolving the Trustee's Objection to Exemptions (Doc. No. 32).

On October 7, 2014, the Trustee filed his Motion to Settle Property Issues in Family Court by Engaging in Several Transactions (the "Motion to Settle").  On October 29, 2014, the Debtor filed her objection to the Motion to Settle and her second amended claim of exemptions. The Debtor, by her second amended claim of exemptions, claims her interest in the following property as exempt under W. Va. Code § 38-10-4(e):  $12,064 of the Naples Property; $3,600 of the 2004 Mercedes, and $10,136 of the check from the sale of the 2010 Toyota Camry.  Notably, the Debtor no longer claims as exempt her interest in the anticipated 2010 tax refund, but she

2

now claims 100% of her interest in the various potential legal claims as exempt under W. Va. Code § 38-10-4(k)(5).

## II. DISCUSSION

The Trustee argues that the court should disallow the Debtor's amended claim of exemptions based upon res judicata or the principles of estoppel and laches. In support of his argument regarding res judicata, he asserts that the court recognized its potential applicability in *In re Scotchel*, No. 12-09, 2014 WL 4327947 (Bankr. N.D.W. Va. Aug. 28, 2014). In that case, the court considered the application of res judicata to the facts before it but ultimately found that res judicata did not bar Mr. Scotchel from amending his claimed exemptions. Here, the Trustee asserts that res judicata precludes the Debtor's amended claim of exemptions because the agreed order allowed the Debtor's claim of exemptions as claimed by her first amended claim of exemptions but recharacterized certain of those claimed exemptions, including in the Debtor's potential causes of action, as being claimed in the anticipated Property Settlement. Moreover, the Trustee asserts that the Debtor cannot now abandon her claimed exemption in the anticipated tax refund because it allegedly ceased being property of the bankruptcy estate once the exemption was allowed such that he cannot now recapture it for administration in this case.

In support of his objection based upon estoppel and laches, he argues that those principles are the same or substantially similar to res judicata such that the court should also consider those equitable principles as bases to bar a debtor's amended exemptions. Moreover, he asserts that Rule 1001 requires the court to disallow the Debtor's amended claim of exemption because the Rules, including Rule 1009(a) permitting the filing of amended exemptions at any time until the case is closed, are to "be construed to secure the just, speedy, and inexpensive determination of every case and proceeding." Rule 1001.

The Trustee is correct that the court in *Scotchel* recognized the applicability of res judicata as a basis upon which to disallow a debtor's amended claim of exemption. *See Scotchel*, 2014 WL 4327947, at *2 (citing *In re Romano*, 378 B.R. 454, 464 (Bankr. E.D.Pa. 2007)). Res judicata, a generic term for claim preclusion, is a common-law doctrine whereby "a final judgment forecloses 'successive litigation of the very same claim, whether or not relitigation of the claim raises the same issues as the earlier suit.'" *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008) (citing *New Hampshire v. Maine*, 532 U.S. 742, 748 (2001)). Specifically, the application of res judicata precludes the bringing of claims that were or could have been raised in a prior action,

3

between the same parties or their privies, and which were resolved by a final judgment on the merits. *See JPMorgan Chase Bank, N.A. v. Mechem*, Civil Action Nos. 3:11-CV-26(L), 3:11-CV-25, & 3:11-CV-27, 2011 WL 2491382, at *3 (N.D.W. Va. June 22, 2011) (citation omitted). "Importantly, however, res judicata . . . will not preclude a debtor from filing amended exemptions under Rule 1009(a)[] unless a final order denying an exemption claim for the same asset has previously been entered." *Id.* (internal quotation omitted).

Here, the order that the Trustee asserts precludes the Debtor's amended claim of exemption provides that

> The Trustee has asserted that the Debtor's claims in the Amended Claim of Exemption are incorrect, in that specific items of property in which the Debtor has claimed an interest, are actually subject to recovery for the Debtor and the Debtor's Estate in a proceeding in the Family Court of Monongalia County, West Virginia. The Trustee has no objection to the amount claimed for the specific items of property, but does believe the claim of Exemption should be recognized in the value of the Property Settlement listed as an asset. The Debtor is amenable to such treatment of the amended Exemptions and the Exemptions shall be deemed to have been so claimed. It is therefore,
> ORDERED that the debtor's amended exemptions as herein modified shall be approved.

Agreed Order Resolving the Trustee's Objection to Exemptions (Doc. No. 32).

Regarding the preclusive effect of the agreed order, it cannot be disputed that the Trustee's current objection to the Debtor's amended claim of exemptions involves parties identical to the previous dispute resolved by the agreed order. Likewise, the finality of the order cannot be disputed because neither party can be heard to complain about its terms based upon their agreement thereto. The issue is thus whether the extant dispute involves claims that were or could have been raised in conjunction with the Trustee's previous objection. The agreed order is vague, however, and does not indicate which of the Debtor's property and claimed exemptions were recharacterized by the agreed order as being included in the "Property Settlement." According to the Trustee, the property, and associated exemptions therein, that were recharacterized by the agreed order included, among other things, the Debtor's interest in her

4

potential causes of action.[1]   The Debtor, on the other hand, asserts that the agreed order did not recharacterize her potential causes of action as being part of the Property Settlement; at least she did not intend that result.   Looking to the Trustee's initial objection for clarity in that regard, the only property specified is the anticipated 2010 tax return.   Notably, the court convened a hearing on the Trustee's initial objection to the Debtor's first amended claim of exemptions, but the Trustee failed to appear and the parties later submitted the agreed order resolving the matter.   It is thus difficult for the court to discern the precise scope of the agreed order.   The vagueness of the agreed order therefore makes it necessary for the court to conduct further proceedings to determine the intended scope of the agreed order. [2]   Thereafter, the court should be in a better position to decide whether res judicata precludes the Debtor's second amended claim of exemptions; at least to the extent that the Debtor now seeks to specifically exempt property that was previously recharacterized by the agreed order as being included in the "Property Settlement."

Although the court finds it necessary to conduct further proceedings regarding the preclusive effect of the agreed order, it can still dispose of the Trustee's objection to the Debtor's

---

[1] Insofar as the Trustee asserts that the Property Settlement also includes the anticipated 2010 tax refund, the court fails to see the logic in the Trustee's argument that the Debtor's $3,750 exemption claimed therein caused the asset, at least the exempted portion thereof, to leave the bankruptcy estate.   In the court's opinion, the Trustee cannot maintain that the agreed order recharacterized the anticipated tax refund as part of the Property Settlement and also that the Debtor's claimed exemption in the tax refund removed it from the bankruptcy estate.   In that regard, the court notes that the exemption under W. Va. Code § 38-10-4(e) does not provide a debtor with the ability to exempt an asset in kind but only an exemptible interest in certain property of the estate.   Exempt property generally remains property of the estate even though the debtor may exempt an interest therein from being liable to pay claims against the estate. *Compare* 11 U.S.C. § 522(c) and (k) *with* 11 U.S.C. § 554 (providing how property may be abandoned from the bankruptcy estate).

[2] The court's interpretation of its own orders is generally left to its sound discretion. *See In re Kelley*, 488 B.R. 97, 99 (B.A.P. 8th Cir. 2013) (citation omitted).   When the order at issue is an agreed order, however, "the interpretation of its terms presents a question of contract interpretation." *Covington v. Covington Landing Ltd. P'ship*, 71 F.3d 1221, 1227 (6th Cir. 1995).   "The goal is to determine the rights, duties, and reasonable expectations of the parties, as disclosed to and blessed by the Court." *American LaFrance, LLC, v. RT Jedburg Commerce Park, LLC (In re American LaFrance, LLC)*, 461 B.R. 267, 272 (Bankr.D.Del. 2011) (citation omitted).

amended claim of exemption based upon equitable considerations of estoppel and laches.  In that regard, the court does not believe that it can restrict the Debtor's otherwise unfettered right to amend her claimed exemptions "*at any time* before the case is closed."  Rule 1009(a). Specifically, the court held in *Scotchel* that *Law v. Siegel*, 134 S. Ct. 1188 (2014), explicitly abrogated cases decided before it that held that a court could disallow a debtor's exemption or amended exemption based upon equitable considerations, which includes estoppel and laches. *Scotchel*, 2014 WL 4327947, at \*4; *see Black's Law Dictionary* 667 (10th ed. 2014) (defining "estoppel" as "3.  An affirmative defense alleging a good-faith reliance on a misleading representation and an injury . . . resulting from that reliance"); *Black's Law Dictionary* 1006 (10th ed. 2014) (emphasis added) (defining "laches" as "2. The *equitable doctrine* by which a court denies relief to a claimant who has unreasonably delayed in asserting the claim, when that delay has prejudiced the party against whom relief is sought").  Insofar as the Trustee contends that estoppel and laches are nonetheless sufficiently analogous to res judicata such that the court should similarly consider those as bases to disallow the Debtor's amended claim of exemption, the court disagrees.  Notably, and contrary to the Trustee's assertion to the contrary, estoppel and laches, or any other equitable objection to a debtor's claimed exemptions, are different than res judicata because res judicata is not a basis, per se, for objecting to a debtor's claimed exemptions or any amendment in that regard.  Rather, the application of res judicata depends upon and gives effect to a previous court order disposing of an objection to a debtor's claimed exemptions and limiting the debtor's ability to later amend his claim of exemption.  *See In re Romano*, 378 B.R. at 464 ("Whenever . . . there has been a final, non-appealed ruling sustaining the trustee's objection, all of the elements of claim preclusion have been established, and so the debtor cannot later amend her exemptions to relitigate that issue[.]").  Therefore, consistent with its holding in *Scotchel*, the court cannot exercise its equitable power to disallow the Debtor's amended claim of exemptions.

### III. CONCLUSION

Based on the foregoing analysis, the court will enter a separate order overruling, in part, the Trustee's objection to the Debtor's second amended claim of exemptions and setting further proceedings regarding the preclusive effect of the agreed order resolving the Trustee's first

6

objection to the Debtor's initial amended claim of exemptions and the Trustee's Motion to Settle.[3]

---

[3] Although the court also took the Trustee's Motion to Settle under advisement, it cannot adjudicate the Motion to Settle in light of its analysis here regarding the disposition of the Trustee's Objection to Claim of Amended Exemptions.